Argued and submitted October 20,
affirmed December 8, 1980

## STATE OF OREGON,
*Respondent,*

*v.*

## DONALD PAUL PETERS,
*Appellant.*

(No. L 4975, CA 17928)

619 P2d 1360

Philip Hornik, Portland, argued the cause and filed the brief for appellant.

Virginia L. Linder, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Schwab, Chief Judge, and Richardson and Buttler, Judges.

BUTTLER, J.

## BUTTLER, J.

■■    Defendant appeals his conviction of driving while suspended, and contends that the court erred by withdrawing from the jury's consideration evidence regarding his defense that an emergency rendered it necessary for him to drive. ORS 487.560(2)(a).[1]

■■    Defendant was apprehended while driving his mother, who was ill, to the hospital. From the evidence, the jury could have found that the situation appeared to defendant to be life threatening. Defendant was driving his car, on which he maintained a current insurance policy in his name. Defendant's brother, a licensed driver who did not carry insurance of his own, rode as a passenger on the trip to the hospital. Because there was no evidence indicating that defendant believed, rightly or wrongly, that his

---

[1] ORS 487.560(2)(a) provides:

"(2)   In a prosecution under subsection (1) of this section [driving while suspended], it is an affirmative defense that:

"(a)   An injury or immediate threat of injury to human or animal life and the urgency of the circumstances made it necessary for the defendant to drive a motor vehicle at the time and place in question; * * *."

Defendant also contends that his actions are rendered non-criminal by ORS 161.200, the general choice of evils statute. ORS 487.560 is a specific statute which provides a defense to a charge of driving while suspended, and therefore controls over the general choice of evils defense provided in ORS 161.200. Moreover, ORS 161.200 is inapplicable by its terms:

"(1)   *Unless inconsistent with * * * some other provision of law,* conduct which would otherwise constitute an offense is justifiable and not criminal when:

"(a)   That conduct is necessary as an emergency measure to avoid an imminent public or private injury; and

"(b)   The threatened injury is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue." (Emphasis supplied.)

ORS 487.560(2)(a) is inconsistent with ORS 161.200 in at least two particulars: (1) it requires proof of a threat of injury to life, rather than allowing a balancing of the threatened injury against the injury sought to be prevented by the statute which was violated, and (2) it places the burden of proof on defendant to prove the defense of necessity by a preponderance, rather than allowing defendant to raise the issue merely by presenting some evidence. *See,* ORS 161.055(1), (2); *State v. Matthews,* 30 Or App 1133, 1136, 569 P2d 662 (1977).

brother would not be covered while driving the insured automobile, or that it was unlawful for an uninsured driver to operate an insured vehicle,[2] there was no basis upon which the jury could have found that defendant reasonably believed it was necessary for him, rather than his brother, to drive. The trial court correctly withdrew the defense of necessity from the jury. *Cf. State v. Matthews,* 30 Or App 1133, 1136, 569 P2d 662 (1977).

Affirmed.

---

[2] Generally anyone driving an insured vehicle with the permission of the assured is covered by his policy, and it is not unlawful for an uninsured, but licensed, driver to operate an insured vehicle. *See* ORS 486.075.