Argued and submitted March 16, affirmed June 27, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## THEODORE LEE NEUBAUER,
*Appellant.*

(82-1806; CA A29182)

683 P2d 136

Bernt A. Hansen, McMinnville, argued the cause and filed the brief for appellant.

Martha L. Rice, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant was convicted of operating a motor vehicle while a habitual traffic offender order revoking his license to drive was in effect. ORS 484.740.[1] Defendant stipulated to the material elements of the crime. His defense consisted of evidence that driving was justified under the circumstances, and he requested a jury instruction on the "choice of evils" defense. ORS 161.200. The trial court ruled that defendant was not entitled to that instruction and instructed on the necessity defense instead. ORS 487.560(2).[2] The only issue raised by defendant's appeal is whether the trial court gave the right jury instruction. We conclude that it did. Accordingly, we affirm.

■　　　The evidence defendant offered to justify his driving was his testimony that he and a co-worker had gone to cut firewood. About three o'clock that afternoon, a friend of the co-worker arrived and the two left in one vehicle, leaving

---

[1] ORS 484.740 provides:

"Except as provided in ORS 484.735(2), it shall be unlawful for any person to operate a motor vehicle in this state while the order of the court prohibiting such operation remains in effect. A person who violates this section commits a Class C felony."

[2] ORS 487.560 provides, in part:

"(1) A person commits the crime of driving while suspended or revoked if the person drives a motor vehicle upon a highway during a period when the person's license or permit to drive a motor vehicle or the person's right to apply for a license to drive a motor vehicle in this state has been suspended or revoked by a court or by the division or if the person drives a motor vehicle outside the restrictions of an occupational license issued under ORS 482.475 or 484.735.

"(2) In a prosecution under subsection (1) of this section, it is an affirmative defense that:

"(a) An injury or immediate threat of injury to human or animal life and the urgency of the circumstances made it necessary for the defendant to drive a motor vehicle at the time and place in question; or

"(b) The defendant had not received notice of the defendant's suspension or revocation as required by ORS 482.570 or in the manner provided in paragraph (c) of subsection (3) of this section.

"* * * * *

"(6) Driving while suspended or revoked is a Class C felony if the suspension or revocation was the result of a finding that the person is an habitual traffic offender under ORS 484.727 * * *."

ORS 487.560 (1981) was amended in particulars not relevant here by Or Laws 1983, ch 721, § 32, and Or Laws 1983, ch 758, § 11.

another vehicle with defendant. The co-worker promised to return for defendant in an hour. Defendant continued to cut wood for a time, but the co-worker did not return. At approximately ten o'clock that evening, with the temperature dropping to the "lower 40s," defendant attempted to drive home and was arrested. However, testimony from the co-worker and his friend contradicted defendant's version of events. Although it might be said that these facts do not rise to the level to warrant an instruction on any defense, we believe there is sufficient evidence to raise the issue defendant wants resolved.

■ Defendant characterizes the differences between "choice of evils" and necessity as being "dramatic." Clearly, there is a marked difference in the two defenses when it comes to the burden placed on a defendant. The "choice of evils" defense is raised when a defendant presents some evidence that his criminal conduct was necessary as an emergency measure to avoid imminent injury. ORS 161.200(1)(a). When the defense is properly raised, the trier of fact may balance the desirability of avoiding the injury against the desirability of avoiding what the law seeks to prevent by making that conduct criminal. ORS 161.200(1)(b).

On the other hand, rather than allowing for a mere weighing, the necessity defense is an affirmative defense to a charge of driving while suspended or revoked. ORS 487.560(2). It is available only if urgent circumstances make driving necessary to avoid injury to life, ORS 487.560(2)(a); *see State v. Peters,* 49 Or App 653, 655 n 1, 619 P2d 1360 (1980); *see generally State v. Haley,* 64 Or App 209, 667 P2d 560 (1983), and must be proven by a defendant by a preponderance of evidence. ORS 161.055; *see State v. Matthews,* 30 Or App 1133, 569 P2d 662 (1977).

In resolving which of the two defenses is appropriate in this case, we begin by examining the "choice of evils" statute. ORS 161.200 provides, in pertinent part:

"(1)   Unless inconsistent with other provisions of chapter 743, Oregon Laws 1971, defining justifiable use of physical force, or with some other provision of law, conduct which would otherwise constitute an offense is justifiable and not criminal when:

"(a) That conduct is necessary as an emergency measure to avoid an imminent public or private injury; and

"(b) The threatened injury is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue."

Thus, under this statutory scheme, the "choice of evils" defense is not available if it would be *inconsistent* with some other provision of law. In that regard, we believe that there are two provisions of law which must be considered: first, ORS 484.740 (the present offense), involving violation of a habitual offender suspension order; second, ORS 487.560, which for labelling purposes is best described as a generic statute, involving the violation of *any* suspension or revocation order. Both statutes make the crime a Class C felony,[3] but only one, ORS 487.560 (the generic statute), also enumerates the defenses available to the charge. Thus, the "choice of evils" defense is obviously inconsistent with ORS 487.560. The question, then, is whether that defense is also inconsistent with ORS 484.740 (the present offense). That is a matter of legislative intent: Did the legislature intend to limit all defendants charged with violating ORS 484.740 to the defenses enumerated by ORS 487.560 (the generic statute)? We find that the legislature so intended.

ORS 487.560 was enacted after ORS 484.740.[4] It also is more specific than ORS 484.740 in that it specifies the defenses available to one charged with violating its provisions. ORS 484.740 does not. As a later enacted, more specific statute on the same subject, ORS 487.560 itself is strong evidence that the legislature did not intend the "choice of evils" defense to be available in prosecutions for the crime of driving while revoked. *See Davis v. Wasco IED*, 286 Or 261, 272-73, 593 P2d 1152 (1979). Indeed, if the choice of evils defense is available under ORS 484.740, the anomaly would

---

[3] Before 1977, driving while revoked was a misdemeanor, Or Laws 1975, ch 451, § 92, even for habitual traffic offenders. Or Laws 1973, ch 301, § 9. Or Laws 1977, ch 800, §§ 1 and 2, amended both the Habitual Traffic Offenders Act and the driving while revoked provisions of ORS 487.560 to make the crime a Class C felony for habitual traffic offenders. *See* ORS 484.740, 487.560(6).

[4] ORS 484.740 was first enacted by Or Laws 1973, ch 301, § 9. ORS 487.560 was enacted by Or Laws 1975, ch 451, § 92.

result that two persons, both of whom are habitual traffic offenders and charged with driving while revoked, would receive different treatment at trial if one were charged with violating ORS 484.740 and the other with violating ORS 487.560. We perceive no reason why two persons charged with the same conduct should be entitled to different defenses under these circumstances.[5] Accordingly, we hold that the "choice of evils defense" is not available in prosecutions for driving while revoked in violation of ORS 484.740.

Affirmed.

---

[5] We also note that the express legislative policy behind the Habitual Traffic Offenders Act was to impose "increased and added deprivation" on habitual offenders' privileges to drive. ORS 484.710. To the extent that the choice of evils defense more easily justifies driving while revoked than does the necessity defense, a holding that the choice of evils defense is available in prosecutions for violations of ORS 484.740 would not comport with that policy.